IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RUTH CASTRO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:12-cv-00174-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

　　　　On September 17, 2012, District Judge David Nuffer referred this case to the undersigned Magistrate Judge under 28 U.S.C. section 636(b)(1)(B).  (ECF No. 31.)  Judge Nuffer previously reversed the Commissioner's decision and remanded for further administrative proceedings.  (ECF No. 28.)

## DISCUSSION

　　　　Ms. Castro, through counsel, applies to this Court for an award of attorneys fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $2,475.00.  (ECF No. 30.)  Ms. Castro has an agreement with her counsel to "assign any and all right to any attorney fees payable under the Equal Access of Justice Act to [her] attorney, Glen A. Cook, and . . . consent[s] to the payment of those fees directly to [her] attorney."  (ECF No. 33.)

　　　　The Commissioner does not oppose the fee award, provided the Court awards the fees directly to Ms. Castro—not her counsel.  The Commissioner argues the Court may order the EAJA awards paid to litigants only and that the Anti-Assignment Act, 31 U.S.C. § 3727, bars litigants from assigning such awards to counsel in advance of any award.

-1-

The EAJA states that, in proper cases, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). The EAJA's plain language mandates that the Court order awards paid to the prevailing party. *Id.*

The Supreme Court has resolved any ambiguity in the EAJA's text regarding whether the "prevailing party" constitutes the litigant or the litigant's attorney. In *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the Supreme Court identified the litigant herself as the prevailing party to whom the Court must order the EAJA award paid. 130 S. Ct. at 2526–27. Justice Sotomayor, concurring, wrote that "the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney." *Id.* at 2529–30. Even before *Ratliff*, the Tenth Circuit held that courts should order EAJA awards paid to litigants and not their attorneys. *See Manning v. Astrue*, 510 F.3d 1246, 1252 (10th Cir. 2007). Thus, the Court should award the fees at issue paid to Ms. Castro rather than her attorney.

A litigant may not prematurely assign his or her right to attorney fees to counsel. The Anti-Assignment Act provides that "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued." 31 U.S.C. § 3727(b). While the Commissioner may waive the requirements of the Anti-Assignment Act, the Commissioner may do so "only after a court actually awards fees and only if the Commissioner determines that the plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program." *Henderson v. Astrue*, No. 2:08-CV-678, 2013 WL 750820, at *2 (D. Utah Feb. 27, 2013) (citing 31 U.S.C. § 3716(c)(3)(B)). Given the posture of this case, Ms. Castro assigned her EAJA award prematurely.

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends the Court grant Ms. Castro's application for attorney fees under the EAJA in the amount of $2,475.00 payable directly to Ms. Castro.

The Court will send copies of this Report and Recommendation to all parties, who it hereby notifies of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of June, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge